UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARVIN ESCOBAR BARRERA,<br><br>      Petitioner,<br><br>v.<br><br>JOSEPH D. McDONALD, JR.,<br>Plymouth County Sheriff, and<br>ANTONE MONIZ, Superintendent of<br>Plymouth County Correctional<br>Facility,<br><br>      Respondent. | No. 1:18-cv-12437-DLC |

**ORDER ON MISCELLANEOUS MOTIONS**

CABELL, U.S.M.J.:

    **I.    INTRODUCTION**

    In November 2018 Marvin Escobar Barrera (Barrera) was being detained in custody by Immigration and Customs Enforcement (ICE) at the Plymouth County Correctional Facility.  Contending that his detention was unlawful, Barrera filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Among other things, Barrera sought a bond hearing where the government would bear the burden of proving that he should be detained as a flight or danger risk as opposed to Barrera bearing the burden of proving that he would not.  The immigration court subsequently granted Barrera the bond hearing he was seeking, but still imposed the burden of proof on him rather than on the government.  Nonetheless, the immigration

court determined that Barrera met his burden and released him in June 2019 on conditions. Barrera's relief was short-lived, however, and he was returned to custody after ICE requested that the Board of Immigration Appeals (BIA) stay his release pending the government's appeal.

Three motions pend against this backdrop, including: (1) Barrera's petition for habeas relief (D. 1); (2) the respondents' motion to dismiss the petition for failure to state a claim (D. 9); and (3) Barrera's motion to consolidate this case with another case pending in this session (D. 42). For the reasons discussed below, the court finds that Barrera's June 2019 release by the immigration court mooted the basis for his initial petition. The habeas petition will therefore be <u>DENIED</u> as moot. Consequently, the government's motion to dismiss and Barrera's motion to consolidate are also moot and for that reason will be <u>DENIED</u>.

**II. BACKGROUND**

At the time Barrera filed the instant petition on November 25, 2018, he was facing removal proceedings and had already been held in ICE custody for approximately 25 months, pursuant to 8 U.S.C. § 1226(a). (D. 1). Barrera claimed, *inter alia*, that his detention was unconstitutional because the immigration court during his bond redetermination hearing[1] wrongfully placed the

---

[1] Since ICE has the initial discretion of whether to grant bond to a § 1226(a) detainee, the first bond hearing before an immigration judge is considered a redetermination of the bond question.

2

burden on Barrera to show that he was neither a flight risk nor a danger to the community.  (Id. ¶¶ 29-34).  The respondents moved to dismiss on the ground, *inter alia*, that the burden of proof is properly placed on the detainee in a bond hearing under § 1226(a).  (D. 9-10).

On May 3, 2019, this court heard argument on the pending petition and motion.  In June of 2019, and while the matter was pending, the immigration court did two things:  it granted Barrera lawful permanent resident status –something he had been seeking, and also granted him a new bond redetermination hearing.  As noted above, the court continued to place on Barrera the burden of demonstrating his entitlement to release.  Nonetheless, Barrera prevailed under this more difficult burden and was released on bond with various conditions, on June 10, 2019.

ICE appealed the immigration court's order to the BIA and also filed an emergency motion for discretionary stay of the order pending resolution of the appeal.  (D. 32, pp. 9-19).  The BIA granted the stay and Barrera was taken back into ICE custody on July 18, 2019.  (D. 35).  Barrera on the same day filed an emergency motion with this court, asking that the respondents be required to show cause why he should not be released immediately from custody.  (D. 36).

On July 29, 2019, this court convened a hearing on the petitioner's emergency motion.  Among other things, the court

3

raised with the parties (but did not decide) the question of whether the original habeas petition had been mooted by the immigration court's ruling releasing Barrera from custody and granting him LPR status. Ultimately, the court denied the emergency motion to show cause, principally on the ground that the motion was premature where the matter was pending before the BIA. (D. 40).

On August 29, 2019, the petitioner filed a motion to consolidate this matter with *Brito v. Barr*, No. 19-cv-11314-PBS (D. Mass. filed June 13, 2019), which involves the issue of what constitutes constitutionally adequate bond redetermination hearings in immigration proceedings. (D. 42). In *Brito*, the court has granted class certification for, *inter alia*, "all individuals who 1) are or will be detained pursuant to 8 U.S.C. § 1226(a), 2) are held in immigration detention in Massachusetts or are otherwise subject to the jurisdiction of the Boston Immigration Court, and 3) have received a bond hearing before an immigration judge." The respondent opposes consolidation. (D. 43).

**III. ANALYSIS**

The federal judicial power conferred by Article III, section 2 of the Constitution extends only to cases and controversies. *Pagán v. Calderón*, 448 F.3d 16, 27 (1st Cir. 2006). If during the pendency of a matter (1) the issues presented are no longer live, (2) the parties lack a legally cognizable interest in the outcome,

(3) the court cannot give effectual relief to the potentially prevailing party, or (4) events have occurred that would make the court's determination merely advisory, the matter is deemed moot. *ACLU v. United States Conference of Catholic Bishops*, 705 F.3d 44, 52-53 (1st Cir. 2013). "'When a case is moot -- that is, when the issues presented are no longer live or when the parties lack a legally cognizable interest in the outcome -- a case or controversy ceases to exist, and dismissal of the action is *compulsory*.'" *Castillo v. Gillen*, 881 F. Supp.2d 226, 228 (D. Mass. 2012) (emphasis added) (quoting *Cruz v. Farquharson*, 252 F.3d 530, 533 (1st Cir. 2001)).

In his petition before this court, Barrera sought either his immediate release from custody or a bond redetermination hearing at which the government would have to establish by clear and convincing evidence that he was either a flight risk or a danger to the community.  (D. 1, ¶ D).  Although the immigration court in granting Barrera a bond redetermination hearing still placed the burden on him rather than on the government, Barrera prevailed; the immigration judge found that he met his burden and granted him the same relief sought in the present petition.

To this court, it would appear that Barrera's petition was mooted by the immigration court's ruling, particularly where the immigration court gave Barrera the principal relief he sought, release from custody.  Barrera disagrees and posits three reasons

5

why the matter remains justiciable here.  First, this court has broad discretion to consider liberty claims under § 2241 and Barrera still has not received a constitutionally adequate bond redetermination hearing, that is, a hearing where the government bears the burden of proof on detention.  Second, the BIA almost certainly will overturn the immigration judge's ruling because its prior decisions strongly suggest that it does not approve of release/bond on conditions (as opposed to straight release/bond), or of having the burden of proof borne by the government.  Third, the BIA will most likely simply revoke his bond and put Barrera back in custody where he was when he first filed his petition.

The court genuinely sympathizes with the petitioner's fears and concerns -- they go after all directly to core considerations of liberty and freedom -- but nonetheless finds that because the matter precipitating the original habeas petition was resolved, in the petitioner's favor at that, the present case has run its course and there is no exceptionally compelling reason to keep it open.

In that regard, even assuming *arguendo* that the immigration court erred during the bond redetermination hearing in placing the burden of proof on the petitioner, the error demonstrably did not harm Barrera where the court found that he met what all agree to be a more difficult burden and granted him bond. *Cf. Barboza v. Bissonnette*, 434 F. Supp.2d 25, 38-39 (D. Mass. 2006) (finding harmless error in habeas proceeding where, even assuming state

6

appeals court applied incorrect standard, respondent met burden of proof regardless of the standard). Moreover, the fact that Barrera was released following a hearing meaningfully distinguishes him from the class of plaintiffs in *Brito* who inappositely were detained following a hearing.

To be sure, Barrera contends there is a basis to worry that the issues precipitating his petition issue may well return if the BIA does as he predicts and places him back in custody where he might be forced to bear the burden of proof at a bond hearing. Perhaps, but that is just one possible scenario. As the respondents note, it is also possible that the BIA might affirm the immigration judge, grant Barrera bond without conditions, or remand the matter for a new hearing at which the immigration judge would have to either deny or grant bond with no conditions attached. And of course, Barrera would always be entitled to seek federal court relief were the immigration court to subsequently render a ruling he believed to be unconstitutional. Until then, this court deems the present matter closed.[2]

---

[2] To be clear, Barrera has also raised as a secondary claim that DHS should be obliged to provide him with mental health services and educational services until he turns 22. (D. 1, ¶ 6). However, the petitioner has cited to no direct authority for this proposition and the matter has not otherwise been adequately aired or argued during the pendency of this matter. The court thus finds on the record before it no basis to order DHS to provide Barrera with educational services or counseling.

7

**IV. CONCLUSION**

For the foregoing reasons: (1) the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 and For Declaratory and Injunctive Relief (D. 1) is **DENIED**; (2) the Respondents' Motion to Dismiss (D. 9) is thus moot and for that reason is **DENIED**; and (3) the petitioner's Motion to Consolidate (D. 42) is thus moot and for that reason is **DENIED.**


**SO ORDERED.**                                      /s/ Donald L. Cabell
                                                    DONALD L. CABELL, U.S.M.J.


DATED:  September 30, 2019